UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRANDON VERNON and<br>MONICA NUGENT,<br>    *Plaintiffs*<br><br>    *v.*<br><br>SOUTH OXFORD MANAGEMENT, ET AL.<br>    *Defendants.* | :<br>:<br>:   Case No.: 3:23-CV-01485 (OAW)<br>:<br>:<br>:<br>:<br>:<br>: |

## OMNIBUS RULING

Self-represented Plaintiffs Brandon Vernon and Monica Nugent initially brought two identical civil cases in Connecticut Superior Court against Defendants South Oxford Management, Ariq Rose, Camila Williams, and Indya Bennett on September 19, 2023; on November 9, 2023, Defendants removed the cases to the United States District Court for the District of Connecticut, consolidating them into one federal action.  ECF No. 1. Plaintiffs' claims arise out of their treatment by Defendants while Ms. Nugent applied for a lease at the Waypointe Apartments in Norwalk, Connecticut.  Plaintiffs allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), and Sections 46a-58, 46a-60(b)(1), and 46a-60(b)(4) of the General Statutes of Connecticut.  Together, Defendants filed a motion to dismiss.  ECF No. 16.

The court has reviewed the motion to dismiss, all supporting exhibits and memoranda thereto, Plaintiffs' oppositional filing, ECF No. 20, Defendants' response thereto, ECF No. 23, and the record in this matter.  For the following reasons, Defendants' motion to dismiss is **GRANTED.**  If Plaintiffs wish to amend their complaint to cure its jurisdictional and factual deficiencies, they may do so within thirty (30) days of this ruling.

1

I. **STANDARD OF REVIEW**

When reviewing a motion to dismiss, the court must accept as true the complaint's asserted facts and draw all reasonable inferences in the nonmovant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not to be presumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, the court is obligated to liberally construe a pro se litigant's complaint. *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("The complaint of a pro se litigant is to be liberally construed in his favor.").

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

To defeat a Rule 12(b)(1) motion, a plaintiff asserting proper jurisdiction must show that federal courts have "the statutory or constitutional power to adjudicate [the dispute]." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff must show jurisdiction "affirmatively," and "that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citations omitted).

Further, a Rule 12(b)(5) motion "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules,

which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007).  Finally, the plaintiff "bears the burden of establishing that service was sufficient."  *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010).

II.  **BACKGROUND**

This case arises out of the alleged discriminatory behavior perpetrated against Plaintiffs by Ariq Ross, Indya Bennett, and Camila Williams (the "individual defendants"), whom Plaintiffs allege are employees of Defendant South Oxford.  *See* ECF No. 1, Ex. A ¶ 5–7, 20.  On September 5, 2023, Ms. Nugent applied for a lease at the Waypointe Apartments in Norwalk, Connecticut, with the help of her son, Mr. Vernon.  *Id.* ¶¶ 9–10.  During the application screening process, Plaintiffs claim that the individual defendants subjected them to racially discriminatory remarks and sought to "prevent and discourage" Ms. Nugent from completing the screening process.  *Id.* ¶¶ 12–14.

Among the discriminatory remarks, Plaintiffs claim Ms. Bennett told a co-worker of Ms. Nugent, "We don't believe that this application is real, and you know black people are doing fraud, it could be her son Brandon," in reference to Ms. Nugent's lease application. *Id.* ¶ 12; *see also* ECF No. 20 ¶ 2.  Additionally, Plaintiffs allege that Mr. Ross directed racially charged comments towards Mr. Vernon after learning he owned a Range Rover. *See* ECF No. 20 ¶ 7; *see also* ECF No. 1, Ex. A ¶ 13.  Plaintiffs further claim that upon meeting Ms. Nugent in person, Ms. Williams stated "oh wow, I didn't know you were black. You sounded so different over the phone . . . ."  ECF No. 20 ¶ 6.

Plaintiffs also accuse Defendants of discouraging Ms. Nugent from following through on her lease application.  First, Plaintiffs accuse Defendants of delaying the delivery of a lease to Ms. Nugent and repeatedly hanging up on Plaintiffs after they called

regarding "unethical business practices." ECF No. 1, Ex. A ¶¶ 15–16, 19. Second, they claim Defendants refused to honor a "one month free" rental promotion that had been in place at Plaintiffs' time of application. *Id.* ¶ 16. Finally, Plaintiffs allege Defendants required Ms. Nugent to submit her birth certificate, social security card, and driver's license, due to a fraud alert on her credit profile, though Plaintiffs allege the fraud alert had been removed well before her lease application was submitted. *Id.* ¶ 17.

Plaintiffs argue that Defendants' actions were "based on [plaintiffs'] age, race, color and because [they] opposed discriminatory conduct," and also that Defendants' actions were not prompted by Plaintiffs' "work performance, ethics, capabilities or any other reason."[1] *Id.* ¶ 20.

The plaintiffs name four defendants and list four laws that they believe were violated in the course of Defendants' alleged conduct. *Id.* The court construes the complaint to assert the following claims against all four Defendants:

- Discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII");
- Discrimination in violation of Connecticut General Statute § 46a-58; and
- Discrimination and retaliation in violation of Connecticut General Statutes §§ 46a-60(b)(1) and 46a-60(b)(4).

## III. DISCUSSION

Defendants bring this motion to dismiss under Federal Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief

---

[1] Though the Complaint uses singular first-person language, the court interprets this assertion to come from both Ms. Nugent and Mr. Vernon, who each signed the Complaint.

can be granted. They argue that claims against Ms. Williams must be dismissed under Rule 12(b)(5) for improper service of process.[2] Defendants also argue that Mr. Vernon lacks Article III standing, and that both plaintiffs failed to exhaust administrative remedies, though the court does not address these arguments because they are preempted by other jurisdictional issues. The court begins with Defendants' argument that Plaintiffs' Title VII claims must be dismissed for failure to state a claim.

### A. Title VII Claims

First, Plaintiffs' Title VII claim must be dismissed as to the individual defendants because there can be no individual liability under Title VII. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) ("[I]ndividuals are not subject to liability under Title VII."). Accordingly, the Title VII claim is dismissed, with prejudice, as to Mr. Ross, Ms. Williams, and Ms. Bennett.

Next, the court considers the Title VII claim against South Oxford. Title VII prohibits employers from engaging in discrimination on the basis of "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2. Therefore, to state a Title VII claim, a plaintiff must allege "the existence of an employer-employee relationship." *Girard v. Int'l Ass'n of Approved Basketball Offs., Inc.*, 840 F. App'x 635, 638 (2d Cir. 2021) (citing *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006)) (quotation marks omitted). Essential to an employer-employee relationship is that the individual was "hired in the first instance," *O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997), which can be established

---

[2] In their motion to dismiss, Defendants alternate between claiming insufficient service as to Ms. Bennett and Ms. Williams. *See* ECF No. 16-1 at 1, 4, 13–14. They offer a declaration from Ms. Williams asserting improper service, ECF No. 16-4, but concede that "Defendants Ross and Bennet acknowledge that they were served with process," ECF No. 16-1 at 14, so the court will interpret this portion of the motion as referring exclusively to service of process as to Ms. Williams.

5

by looking to whether the individual has "received direct or indirect remuneration from the alleged employer.'" *Gulino*, 460 F.3d at 372 (quoting *Pietras v. Bd. of Fire Commn'rs of Farmingville Fire Dist.*, 180 F.3d 468, 473 (2d Cir. 1999)).

In the complaint, Plaintiffs do not allege any facts that support the conclusion that they were employed by South Oxford. In relevant part, the complaint states that the *individual defendants* were employed by South Oxford. *See* ECF No. 1, Ex. A ¶¶ 5–7. It also states that Ms. Bennett made discriminatory remarks to "one of Monica Nugent['s] co workers during a verification screening," *id.* ¶ 12, but it makes no further mention of Ms. Nugent's employment and alleges no facts about Mr. Vernon's employment. At no point do Plaintiffs allege that they were hired by South Oxford, or that they received direct or indirect remuneration from South Oxford. In sum, even while accepting as true all asserted facts and drawing all reasonable inferences in Plaintiffs' favor, the complaint does not support the inference that there was an employer-employee relationship between Plaintiffs and South Oxford. Thus, the Title VII discrimination claim must be dismissed, with prejudice, as to South Oxford.

### B. Subject Matter Jurisdiction

Dismissal of the Title VII claim against all Defendants deprives this court of subject matter jurisdiction over Plaintiffs' remaining claims. This matter is before the court under federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 1 ¶ 5. After dismissing Plaintiffs' Title VII claim, only state law claims remain because Plaintiffs did not bring any additional federal law claims under, for example, the Fair Housing Act.[3] 42

---

[3] In their notice of removal, Defendants allege Plaintiffs' state court actions included "claims for violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e, et seq." ECF No. 1 ¶ 5. The court identified no claims in the complaint pursuant to 42 U.S.C. § 1981, therefore it does not serve as a basis for jurisdiction.

6

U.S.C. § 3601.  There is no diversity jurisdiction, *see* ECF No. 1, Ex. A ¶¶ 1–7, therefore the court lacks subject matter jurisdiction, and the remaining claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Furthermore, the court *sua sponte* declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  28 U.S.C. § 1367; *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (noting that district courts have discretion over exercising supplemental jurisdiction).  A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In such cases, the court first should consider "judicial economy, convenience, fairness, and comity," before declining to exercise jurisdiction.  *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988).  At the same time, the Supreme Court of the United States has noted that "in the usual case in which all federal-law claims are eliminated before trial," those factors will "point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).  Here, the court concludes that, with the plaintiffs' only federal-law claim eliminated, judicial economy, convenience, fairness, and comity counsel in favor of dismissing Plaintiffs' state law claims.

### C. Service of Process

Plaintiffs filed a return of service form in the Connecticut Superior Court for the Judicial District of Stamford (where they initiated this action), which solely identifies the defendant South Oxford.  ECF No. 1, Ex. A pp. 12, 19.  The Federal Rules of Civil Procedure state that a summons must "name the court and the parties," Fed. R. Civ. P.

4(a)(1)(A), therefore, Plaintiffs' return of service form did not effectuate service as to the individual defendants.

In their motion to dismiss, Defendants submit that Mr. Ross and Ms. Bennett acknowledge that they were served with process, ECF No. 16-1,14, however Ms. Williams attests that she was not. ECF No. 16-4. Accordingly, the court lacks personal jurisdiction over Ms. Williams, and she must be dismissed from this action.

### IV.   CONCLUSION

Accordingly, it hereby is **ORDERED AND ADJUDGED** as follows:

1. The motion to dismiss, ECF No. 16, is **GRANTED.** The Title VII claims against all defendants are dismissed with prejudice.
2. Plaintiffs are permitted to file an amended complaint that addresses the jurisdictional and factual deficiencies identified. Plaintiffs' failure to file an amended complaint within **thirty (30) days** will result in the dismissal of this action in its entirety.
3. Plaintiffs have **thirty (30) days** to serve Defendant Williams. If proper and timely service is not effectuated, she will be terminated from this matter.
4. Defendants' motion for extension of time, ECF No. 24, is **DENIED as moot.** The current scheduling order is suspended. Upon submission of an amended complaint, the court will set a deadline for the parties to submit a Rule 26(f) Report.
5. Plaintiffs' motion for mediation, ECF No. 25, and motion for notice, ECF No. 28, are **DENIED as moot.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 12th day of December, 2024.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE